PATTERSON, Justice.
This is an appeal from a decree of the Chancery Court of Forrest County affirming an order of the County Court which adjudged Jacqueline Suzanne Lee, an infant, to be a neglected child. The court withdrew her custody from her father and mother and awarded her custody to the Forrest County Welfare Department for *879 placement in a suitable home pending further order of the court.
This suit was initiated in the County Court pursuant to the authority of Mississippi Code 1942 Annotated section 7185-05 (1952) of the Youth Court Act. The petition charges that the infant child of Mrs. Joseph E. Lee was a battered and neglected child within the meaning of the act. Since the father of the child was employed outside the territorial limits of the United States, the cause was continued until his return. Though not initially made a party to the suit, he attended the trial, and at the conclusion of the State’s evidence a motion was made that he be made a party to the suit. This motion was sustained, whereupon the father moved the court that the cause be dismissed against him and the custody of the child be awarded to him as there was no evidence to reflect any misconduct on his part by which the child could be taken from him. This motion was overruled.
The evidence offered by the State in support of its petition indicated that the infant had been badly bruised and that it had a hairline fracture of the right jawbone. The State’s version was that the bruises and fracture were the result of abuse by the mother. The mother’s version was that the child had been thrown from her infant seat which was attached to the back of an automobile seat when the brakes of the automobile were suddenly applied to avoid an accident. There is no evidence to indicate that the child lacked otherwise for its physical needs and comfort. In fact, the testimony is to the contrary. At the conclusion of the trial the court held the child to be neglected and its custody was placed with the welfare department for placement in a proper home.
The father of the child during the time the child was alleged to have been battered or neglected, was employed in the Ascension Islands off the coast of Africa. His checks were sent to his wife for the support of herself and child. There is not a scintilla of evidence that the father has in any wise done anything that would discredit him as a father so that the child could be taken from him. In Hendrix v. Hendrix, 226 Miss. 110, 119, 83 So.2d 805, 809 (1955), we stated:
39 Am.Jur., Parent and Child, Section 26, properly states that “loss or forfeiture of the parent’s right of custody should not be decreed except for grave and sufficient reasons.” The proof must be of a positive kind. Ibid., Section 27. It is necessary that the evidence shall show clearly an abandonment by the parents before there can be in law a forfeiture of this natural and legal right of custody. Walker v. Williams, supra [214 Miss. 34, 58 So.2d 79], See 67 C.J.S., Parent and Child, § 12, p. 660.
It is our opinion that the lower court erred in taking the custody of this child from its father.
There is grave doubt as to the sufficiency of the evidence against the mother so that the child could be taken from her. However, the trial judge did find that the mother has an emotional problem which was observable to him during the course of the protracted trial, and in view of this finding the cause will not be reversed in its entirety, but only as to the adjudication taking the child from the father and awarding it to the welfare department for placement.
The cause is reversed as to Joseph E. Lee and the custody of the child is hereby awarded to him and remanded to the County Court of Forrest County for such supervision by the welfare department or other agency as that court might think to be to the best interest of the child.
Reversed and remanded.
GILLESPIE, P. J., and JONES, SMITH, and ROBERTSON, JJ., concur.